## SCIOTO-SANDUSKY CONSERVANCY DISTRICT, In re.

Ohio Appeals, Tenth District, Franklin County.

No. 6101. Decided June 16, 1959.

Russell Leach, City Atty., Alba Whiteside, Asst. City Atty., Columbus, for appellants, City of Columbus and M. E. Sensenbrenner, Mayor.

Bricker, Evatt, Barton, Eckler & Niehoff, Columbus, for the Scioto-Sandusky Conservancy District.

Wray Bevins, Pros. Atty., of Pike County, Waverly, Ray W. Davis, Pros. Atty. of Pickaway County, Circleville.

## OPINION

By BRYANT, PJ.

This matter comes on for consideration upon a motion on behalf of the Scioto-Sandusky Conservancy District, here called Conservancy District, to dismiss four separate appeals from the judgment and final order dated January 9, 1959, whereby the disorganization, dissolution and winding up of the affairs of the Conservancy District were ordered. The

Conservancy District includes all or a part of the seventeen counties and the dissolution order was signed by common pleas judges representing twelve of the seventeen counties in the Conservancy District sitting as the Franklin County Common Pleas Court.

Those appealing from the dissolution order were Pickaway County, Pike County, the City of Columbus and M. E. Sensenbrenner, as Mayor of Columbus and as a taxpayer.

The motion to dismiss the four appeals was made on two grounds to wit, (1) that the court of appeals lacks jurisdiction to review the dissolution order made by the court below, and (2) that the parties appealing to wit, Pickaway County, Pike County, Columbus and M. E. Sensenbrenner, as Mayor of Columbus and as a taxpayer, lack the authority to maintain an appeal.

As we see it, the only questions before us have to do with whether in this type and stage of the proceeding, this court may ever entertain an appeal and whether the appellants have the capacity to appeal.

We shall consider first the jurisdiction of this court to entertain an appeal from a dissolution order. The principal argument on behalf of the Conservancy District seems to be that because there is no inherent right of appeal, it must be conferred specifically in the Constitution of Ohio or by statute enacted by the Ohio Legislature. Specific reference is made to **Section 6, Article IV, Ohio Constitution,** which provides, among other things, that courts of appeal shall have "such jurisdiction as may be provided by law to review, etc. * * * judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the court of appeals within the district * * *."

Further reference is made to the provisions of the Ohio Conservancy Act, §§6101.01 et seq, R. C. It is contended that said chapter although providing appeals in a number of specific instances fails to authorize an appeal on an order of dissolution from which the conclusion is drawn that the Legislature intended no such appeal.

On behalf of the City of Columbus and its Mayor, it is urged that the provisions of **Chapter 2505 R. C.,** "Procedure on Appeals," and particularly §2505.03 R. C., thereof, applies to this case and that the judgment and final order of the court below is included within the meaning of the phrase, "every final order, judgment or decree of a court," contained in the section of the Revised Code last referred to.

**Sec. 2505.03 supra, R. C.,** provides in part as follows:

"Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as provided in §§2505.04 to 2505.45, inclusive, R. C., unless otherwise provided by law, * * *."

We believe that the twelve common pleas judges performed a judicial act when they approved the journal entry of January 9, 1959, ordering the disorganization and dissolution of the affairs of the Conservancy District. It is further our opinion that this order was included within the phrase, "final order, judgment or decree of a court," as used in §2505.03 supra, R. C. It has not been pointed out to us nor have we been able to find any specific prohibition in the Conservancy Act, **Chapter 6101, supra R. C.,** against an appeal from an order of dissolution. It

would seem that the proper meaning to be attached to §2505.03 supra, R. C., requires a different answer when the order, judgment or decree is that of a court from that which applies in the case of the various administrative agencies. In the case of courts, it is every such final order, judgment or decree which may be appealed, while in the case of administrative agencies it is only when provided by law when such final orders may be appealed. Further, in case of final orders, etc., by a court, a review is authorized "unless otherwise provided by law."

As before stated this court having the authority to review all final orders, judgments or decrees of courts except when prohibited by law, it would appear that a motion to dismiss on this ground is not well taken and must be overruled. As we view it, this conclusion is necessary under the holding by the Supreme Court of Ohio in the case of the **County of Miami et al, v. City of Dayton et al, 92 Oh St 215,** in which Wanamaker, J., devoted the first three pages of the opinion to upholding the jurisdiction of the court of appeals in a case such as the one now before us.

This conclusion also is, in our opinion, in full agreement with the recent decision of the Supreme Court of Ohio in the case of **In re Mahoning Valley Sanitary District, 161 Oh St 259.** In the last named case, the Supreme Court made reference to **Section 6, Article IV, Ohio Constitution,** supra, and §12223-3 GC (§§2505.03 R. C.), and came to the conclusion, in interpreting what is now **Chapter 6115 R. C.,** relative to sanitary districts, that the latter chapter did contain a specific prohibition against an appeal (see §6115.36 R. C.), but that otherwise an appeal to the court of appeals from the lower court would have been permissible. The third branch of the syllabus in that case reads as follows:

"3. Under **Section 6, Article IV, Ohio Constitution** and §12223-3 GC (§2505.03 R. C.), unless otherwise provided by law, every final order, judgment, or decree of a court may be reviewed as provided in §§12223-4 to 12223-47 GC (§§2505.04 to 2505.45 R. C.)."

For the reasons above set forth it would appear that this court has jurisdiction to entertain the several appeals which have been begun and therefore the first branch of the motion to dismiss must be overruled.

We likewise feel that the City Attorney who signed the notice of appeal on behalf of the City of Columbus, the Mayor, who signed the notice of appeal on behalf of the City of Columbus, and the County Commissioners of Pickaway and Pike Counties were fully authorized to represent those political subdivisions and this branch of the motion likewise must be overruled.

As above indicated, we are of the opinion that the motion to dismiss may not be sustained upon the grounds upon which it was made. However, it would appear to us that in light of the provisions of §2501.02 R. C., defining those matters which may be the subject of an appeal on questions of law and fact, it should be sustained for the reason that the order of dissolution does not appear to be within the scope of the ten classes of cases in which an appeal on questions of law and fact is authorized.

Therefore, it is the opinion of this court that the appeals on ques-

tions of law and fact must be dismissed but that they will be retained as appeals on questions of law only and under the provisions of Rule V D of this court a period of thirty days is allowed for the presentation and filing of a bill of exceptions. The provisions of Rule VII A (2) of this court will govern with reference to filing assignment of errors and briefs.

DUFFY, J, concurs.
MILLER, J, dissents.

### SCIOTO-SANDUSKY CONSERVANCY DISTRICT, In re.

No. 6101.   Decided June 30, 1959.

### OPINION

By BRYANT, PJ.

Under date of June 3, 1959, counsel for the Scioto-Sandusky Conservancy District filed separate motions seeking to dismiss two separate appeals in the above entitled case. On June 16, 1959, this court rendered an opinion overruling an earlier motion to dismiss, filed by counsel for the Scioto-Sandusky Conservancy District. This prior motion was upon the grounds that this court had no power to entertain the appeal and also that the several appellants had no power to appeal.

The two new motions to dismiss were filed June 3, 1959, while the earlier motion to dismiss was pending before the decision was announced. One of the appeals. which is presently under attack, is that of Wayne Hines, Charles Morris, Jr. and Clyde E. Michel, County Commissioners of Pickaway County, and the other appeal being attacked is that of Walter Henry and Eddie West, County Commissioners of Pike County, Ohio.

The notices of appeal filed by the Commissioners from Pickaway County and Pike County state that they are appeals on questions of law and fact. The appeals of the City of Columbus by Russell Leach, City Attorney, and the appeal of M. E. Sensenbrenner, as taxpayer and as Mayor of the City of Columbus, likewise state that they are appeals on questions of law and fact. The opinion of this court above referred to held that they must be reduced to appeals on questions of law only.

On behalf of the conservancy district, it is urged that the new motions to dismiss should be sustained because the appellants have failed to prosecute their appeals. Counsel for the district say that the notices of appeals were filed January 28, 1959, and that the two counties in question since that time have taken no further action. We note, however, that separate precipes, each for a transcript of docket and journal entries. were filed February 3, 1959, by Wray Bevins on behalf of Pike County and Ray W. Davis on behalf of Pickaway County. The transcript called for by the two precipes has been prepared and filed in this court.

Likewise we notice that under date of February 17, 1959, the other two appellants namely, the City of Columbus and the said M. E. Sensenbrenner, stated that they elected to present as evidence, upon appeal, the evidence presented to the conservancy court.

For the reason that the validity of all four appeals was challenged by the said district by its original motion to dismiss and under submission to the court, it is our opinion that the two separate motions to dismiss must be overruled.

With respect to the motion of the City of Columbus and M. E. Sensenbrenner for leave to file the evidence from the court below, such motion is well taken and is hereby sustained.

DUFFY, J, concurs.
MILLER, J, not participating.

### SCIOTO-SANDUSKY CONSERVANCY DISTRICT, In re.

No. 6101.   Decided September 29, 1959.

(McLAUGHLIN, J, of the Fifth District, sitting by designation in the Tenth District.)

**OPINION**

Per CURIAM.

This matter comes up for consideration on a motion on behalf of the Scioto-Sandusky Conservancy District for reconsideration of the Conservancy District's prior motions to dismiss four separate appeals and the court's prior rulings thereon.

Having given due consideration to the arguments of counsel and the briefs, we are of the unanimous opinion that the motion to reconsider should be overruled.

BRYANT, PJ, DUFFY and McLAUGHLIN, JJ, concur.